## The American Baptist Missionary Union and others, v. Kortum K. Peck and others.

The last clause of § 25 of the Act concerning Churches and Religious Societies, &c. (*Comp. L.* § 2033), which makes void certain bequests to the amount of one hundred dollars or more, made by last will to religious societies, unless the will is proved in open court by three subscribing witnesses, does not apply to wills executed before the act took effect; and consequently bequests to religious societies to the amount of one hundred dollars or more, made by a will executed before that time, and having two subscribing witnesses only, may be valid notwithstanding the death of the testator occurred after the act took effect.

*Heard July 9th and 10th. Decided July 14th*

Error to Jackson Circuit. The case is fully stated in the opinion.

*Jerome, Howard & Swift*, for plaintiffs in error:

The clause under which the bequests in question are claimed to be void, was not designed to apply to wills executed before the act took effect.

Statutes are to be so construed as not to have retroactive effect, unless there is a clear intention expressed to the contrary:—*Sedgw. on Stat. Law*, 189, 191; 2 *Lev.* 227; 10 *Mass.* 437.

But we shall undoubtedly be referred to authorities which, it will be claimed, sustain the doctrine, that whether a will is validly executed or not, depends upon the law in force at the time of the testator's death. It will be found, however, on examination, that very few of these authorities go to the extent claimed by the defendants in error, and that those that do, are entitled to very little consideration.

The decisions in England seem to establish a different doctrine:—2 *Atk.* 36; 1 *Ves. Sr.* 225; 1 *Eden*, 482. With these agree the following American authorities: — 4 *Ired.* 494; 9 *Ired.* 288; 12 *Ired.* 21; 15 *Conn.* 274; 7 *Ala.* 705; 5 *Watts*, 399; 5 *W. & S.* 198; 15 *Penn.* 470; 26 *Ala.* 535; 16 *How.* 275. And see 18 *Barb.* 535; 19 *Barb.* 494; 18 *N. Y.* 412; 1 *Seld.* 309.

But again, we claim the statute in question to be unconstitutional, as being in conflict with the first clause of the 20th section of Article IV. of the Constitution — "No law shall embrace more than one object, which shall be expressed in its title."—5 *La. Ann. Rep.* 91; 5 *La. Ann. Rep.* 94; 11 *La. Ann. Rep.* 722; 13 *La. Ann. Rep.* 433; 5 *Ind.* 573; 9 *Ind.* 380; 14 *Ind.* 195; 14 *Ind.* 239; 14 *Ind.* 305; 22 *Barb.* 634; 12 *Geo.* 36.

In our argument so far we have admitted what has been assumed by the defendants in error, that the plaintiffs in error are societies to whom the statute in question applies. But we think it admits of grave doubt whether they are, or were intended to be mentioned in this statute. The words "church" and "Religious Societies" are the

only words in sections 2032 and 2033 which can by any possibility apply to the case of the plaintiffs in error— and we think that the use of these words in the previous and other parts of the statute, shows that they were intended to apply to bodies of worshippers and societies connected therewith in the several towns. And what adds force to this suggestion is, that the object of the statute evidently was to prevent the accumulation of property in the hands of ecclesiastical persons or bodies. The case of societies who receive money to distribute, but not to keep, could hardly have been supposed to be within the evil intended to be remedied. The law is a ·pretty stringent one, and we hardly think the Court will be disposed to extend its application by construction.

*Blair & Gibson,* and *C. I. Walker,* for defendants in error:

The clear intent of the statute is:

1st. To prohibit altogether the making of bequests to religious uses, during the last sickness of the testator, on account of the abuses to which that practice is subject; and

2d. To require in every other case proof, by three subscribing witnesses, that the whole will was read to or by the person executing the same, in their presence, and fully understood by the testator before the execution thereof.

The act of 1855 is entitled "An act concerning Churches and Religious Societies, establishing uniform rules for the acquisition, tenure, control and disposition of property conveyed or dedicated for religious purposes," &c. The first section repeals chap. 52, R. S. 1846, "saving all rights which may have accrued under the same," subject to the modifications provided in the act.

This discloses clearly an intention in the Legislature not to interfere with rights already accrued, but still to give the law a present force so far as it could constitutionally and legally do so; and this intent will be found

to run through the whole act, and furnishes a key to the words "hereafter made," used in several sections as applicable to gifts, grants, devises, and bequests of real and personal property to religious societies and benevolent institutions, such as the plaintiffs in error are admitted to be.

Section 22 makes use of the same words, and this whole section strongly supports the view that the sole object of the language referred to is to protect rights of property "heretofore vested," while it prevents the vesting of the gifts, grants, and devises which would have so *vested* but for the statute in question.

To this effect also see § 23, and particularly the proviso, "that this section shall not in any manner impair or invalidate any grant, devise, *or other conveyance* heretofore made," &c.

Therefore, "every gift, bequest, legacy or donation," "heretofore made," or "hereafter made" in the language of this statute, is such an one as took effect by the vesting of the title to the property in the legatee, or donee, before the taking effect of the statute, or as would take effect thereafter; as the case might be.

Legally there can be no such thing as a gift, bequest, legacy or donation of money or personal property made by last will, until the death of the testator. A will takes effect only at the death of the testator, and previously to that event no right is vested and no one is bound.

It follows that a will must have effect in virtue of, and be in all respects governed by the laws in force at the time of the decease. See 2 *Sumn.* 272; 8 *Paige,* 304; 4 *Hill,* 138; 18 *Wend.* 294; 3 *Barb.* 386–7; *Amer. Law Reg. Jan.* 1862, *p.* 148, *and note*; 12 *Metc.* 174; 18 *Geo.* 1; 37 *N. H.* 295.

By suffering the will to stand after the statute of 1855, the testator intentionally strikes out these bequests. He is presumed to know the law, and to intend this effect:—18 *Wend.* 298.

As a general rule the probate of a will does not affect the validity of particular clauses, it being examined only as to. its execution:— 9 *Pick*. 361. Where,. however, the fault is in the execution, the will being properly executed for some purposes, but not for others contained in it, a limited probate is proper, as in this case:—1 *Pick*. 239.

The act in question is not unconstitutional. The clause in the Constitution claimed to be violated must necessarily have a liberal construction, or it would be a senseless clog upon legislation, and frequently defeat laws not within the mischief intended to be remedied by it. There is nothing in this act foreign to the object expressed in the title, and the title embraces only one general subject.

CHRISTIANCY J. :

The will here in question was executed on the eleventh day of April, 1853, and contains several bequests or legacies, exceeding one hundred dollars each, to each of the following parties: The American Baptist Missionary Union, The American Baptist Home Mission Society, The American Bible Union, The Baptist Convention of the State of Michigan, The American Baptist Publication Society, and The American Tract Society. The testator died on the 19th day of January, 1859. The will was not republished by the testator after the passage of the "Act concerning Churches and Religious Societies," &c. (*Comp. L.* §§ 2009 to. 2036), and is witnessed by two subscribing witnesses only.

The Circuit Court, on appeal from the Probate Court of Jackson County, determined that, as to so much of the will as contained these bequests or legacies, the will had not been sufficiently proved; and to this extent disallowed the same. The case is brought to this Court by writ of error upon a finding of facts by the Circuit Judge, and exceptions to the conclusions of law upon such finding.

The whole question depends upon the construction to

10 MICH.—W.

be given to the 25th section of the "Act concerning Churches and Religious Societies," &c (*Comp. L.* § 2033). And the question is, whether this section was intended to embrace wills made or executed prior to the statute, or only those which should be thereafter executed. The power of the Legislature to affect wills previously executed, but which had not yet taken effect by the death of the testator, can not be doubted; if such was the intention of this statute, then, as to these legacies, the will must have been executed in the mode prescribed by this section, and three subscribing witnesses were required to render these legacies valid: otherwise the whole will would stand upon the general statute of wills, with which its execution conformed—two witnesses only being required.

The 24th section of the act (*Comp. L.* § 2032) is confined to devises, gifts and bequests "hereafter made or attempted to be made by last will or testament"—"which shall be made or purport to be made, directly or indirectly to, or for the use of any church, congregation, religious order or religious society, or to or for the use of any ecclesiastical, educational or eleemosynary institution connected or to be connected with, or under the control or direction of, any church, congregation, order or society, or under the control or direction or subject to the visitorial power of any officer or officers or other authority of such church, congregation, order or society, in his, her or their official or ecclesiastical capacity."

The 25th section is in the following words: "Every gift, bequest, legacy or donation of any money or personal property, to the amount of one hundred dollars or more, hereafter made or attempted to be made, by last will or testament, to or for the use of any or either of the parties, or for any or either of the purposes mentioned in the last preceding section, shall be utterly void, if such last will or testament shall be made during the last sickness of the testator or testatrix; and no gift, bequest,

legacy or donation of money or personal property, to the amount of one hundred dollars or more, shall in any case be valid, if made by the last will and testament, unless such last will and testament shall be proven in open Court by the testimony of three subscribing witnesses, nor unless it shall clearly appear by the testimony of said witnesses, that the whole will was read to or by the person executing the same, in their presence, and fully understood by the testator before the execution thereof, and that the same was executed at the time when it bears date."

It will be seen that the twenty-fifth section prohibits certain gifts, bequests and legacies of money or personal property being made by will during the last sickness of the testator, and that it expressly refers to the 24th section for the description of the parties to whom, and the purposes for which such legacies are forbidden to be made during such last sickness; and that this provision is confined to "gifts, bequests, legacies and donations hereafter made or attempted to be made by last will or testament." We think it very clear that neither this provision, nor the 24th section, was intended to affect any will previously executed, whether the testator was then alive or not: for though this language might be susceptible of a slightly different meaning from that of " a will hereafter made," yet the words "hereafter made or attempted to be made" we think were intended to refer rather to the act of the testator than to the taking effect of the will by his death.

But the counsel for defendants in error insist that, even admitting this view to be correct, yet the subsequent provision which is particularly applicable to the present case, has no such limitation; and this is the point upon which they seem mainly to rely.

The language is, "and no gift, bequest, legacy or donation of money or personal property, to the amount of one hundred dollars or more, shall in any case be valid,

if made by last will and testament, unless," &c.     It is true this language is general, and, if taken literally without reference to the subject matter, the general objects and scope of the act, would apply to all wills giving legacies to that amount to any person or for any purpose whatever.  But on looking to the whole scope and object of the act, it is quite manifest such was not its object, and that to give it this construction would be an entire departure from the purpose which the Legislature had in view: it would in fact bring the act, or, at least this provision, in direct conflict with the Constitution; as a provision of this kind, applying to all wills generally, would have no connection with, or relation to, the objects indicated by the title of the act.

The counsel for the defendants in error not only admit, but insist, that the provision can not have this extent of application, but they urge that the " gifts, bequests, legacies," &c., here mentioned, must be confined to those of the same character specified in the former part of the section, as to the parties to whom, and the purposes for which they are made; but that the qualifying words, " hereafter made or attempted to be made," do not apply to these latter bequests and legacies.

After a careful examination we are entirely satisfied, that the " gifts, bequests, legacies," &c., last mentioned, *are the same* gifts, bequests and legacies mentioned in the former portion of the section.  By the first provision of the section they are to be void, if made during the last sickness of the testator: by the last provision they are to be void whether made during the last sickness or not, " unless such last will and testament shall be proved in open Court by the testimony of three subscribing witnesses," &c.  We can therefore see no plausible ground for holding that the terms " hereafter made or attempted to be made," do not apply equally to the " gifts, bequests and legacies " mentioned in both the provisions of the section.  The latter

provision is to be read as if the word *such* were inserted, so as to read, "and .no such gift, bequest, legacy, &c." The word *such* would seem to have been omitted by accident, probably in copying or printing. The Legislature of 1859 amended the section by inserting it (*Laws* 1859, *p.* 449). But the amendment was unnecessary, as the act, without it, was susceptible of no other rational construction.

The necessary conclusion is, that this will does not come within the provisions of the act in question; and having been duly executed and witnessed under the general statute of wills, and proved by the two subscribing witnesses, it should have been allowed as a whole. That part of the judgment or determination of the Circuit Court which disallowed the will as to the legacies in question, must therefore be reversed, and a judgment or decree of this Court must be rendered, upon the facts found by the Judge, allowing and establishing the whole will; and the plaintiffs in error must recover their costs of both courts.

MANNING and CAMPBELL JJ. concurred.

MARTIN CH. J. was absent when the case was heard.